UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 29 2008

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40055-05 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER ON MOTIONS |
| JOEL TAYLOR, a/k/a "Fat Boy," a/k/a "Big Boy," | * | |
| Defendant. | * | |

**Defendant's Motion for Bill of Particulars, Doc. 295**

In this criminal case, Defendant is charged in the Second Superseding Indictment with numerous other defendants with conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

> **Rule 7. The Indictment and the Information**
>
> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant requests the bill of particulars contain the following information: (1) the identity of each person with whom it is alleged he entered into the conspiracy to distribute the drugs which are the subject of the indictment; (2) the substance of the agreement in furtherance of the conspiracy between the persons identified as co-conspirators who are actual acquaintances of Defendant, including the dates, the facts establishing the relationships between the parties, the substance and purpose of the agreement, and the location of the parties and the time of the communication; (3) as to persons identified in paragraph (1) who are not acquaintances of Defendant but are alleged to be

involved in the conspiracy, facts which establish those individuals were a part of the conspiracy including all factors enumerated in paragraph (2); (4) identities of un-indicted co-conspirators; (5) the amount of cocaine attributable to Defendant's own actions including the quantity alleged, the date, time and location Defendant is alleged to have possessed such quantity and the parties and witnesses to any alleged sale or distribution of said quantity; (6) the quantity of cocaine attributable to Defendant by the actions of others he aided and abetted and for each such amount the same factors as listed in number (5); (7) as to cocaine attributable to Defendant because of reasonably foreseeable acts of others the same factors listed in paragraph (5).

Defendant's counsel submitted an affidavit in support of the motion for bill of particulars in which he explained that the Government has provided the defendants with approximately 778 pages of narrative investigative reports as well as hours of recorded interviews with various co-defendants and others as a part of the discovery in this matter. (See Doc. 296). Nonetheless, Defendant asserts he is unable to discern which drug quantities the Government attributes to him either by his own actions, the actions of others whom he allegedly aided and abetted, or because of the reasonably foreseeable acts of others.

> Count I of the Second Superseding Indictment alleges:
>
> From on or about late 2005 to the date of this Indictment, in the District of South Dakota and elsewhere, Quadiri Ayodele, a/k/a "Black," a/k/a "Tokes," a/k/a "Skits"; Olimedji Ayodele, a/k/a Oladimeji Ayodele, a/k/a "O," a/k/a "Ola"; Dominique Riggins, a/k/a "G"; Joel Taylor, a/k/a "Fat Boy," a/k/a "Big Boy"; John Stanford; Quentin Booker, a/k/a "Q"; Herman Motley, a/k/a "Blade"; Michelle Lewis; Frank Baker; Crishawn Bonwell; Eugene Garcia, a/k/a "P," a/k/a "Nip"; Branyon Dale Pippenger, a/k/a "Bam Bam"; Lori Sampson; Stacie Lynn Schroder; Matthew Bernard Weldon; Arlene Tiffany Weldon, a/k/a "Tiffany," a/k/a "T-Baby"; Susan Ann Hansen; Kayce Lee Lessman; Joshua Lloyd Matlock, a/k/a "J-Rock," a/k/a "J-Rod," a/k/a "J"; Angie Graham; Craig Lewis; and Jerry George, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base (commonly referred to as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). See also, United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987).

The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. He seeks specific dates and times of the acts he allegedly committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. United States v. Jiminez, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, see 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1988); United States v. Dempsey, 806 F.2d 766, 769 (7th Cir.1986); United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards.

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. See United States v. Stephenson, 924 F.2d 753,

762 (8th Cir.). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a bill of particulars is necessary to prevent unfair surprise at trial. Accordingly, IT IS ORDERED that Defendant's Motion for Bill of Particulars (Doc. 295) is DENIED.

### Motion for Disclosure of Impeaching Information, Doc. 347

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

### Motion for Disclosure of Witness Inducements, Doc. 349

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### Motion for Disclosure of Other Bad Acts, Doc. 350

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motion for Disclosure of Other Acts is granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motion is DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Motion for Discovery of Jury Research Conducted by the Government, Doc. 348
### Motion for Extra Peremptory Challenges, Doc. 351
### Motion for Participation by Counsel in Voir Dire, Doc. 352

Defense counsel has filed motions that are more properly considered as motions in limine at a later date by the trial court. Accordingly, it is hereby

ORDERED that Defendant's Motion for Extra Peremptory Challenges, Motion for Participation by Counsel in Voir Dire, and Motion for Discovery of Jury Research Conducted by the Government are deferred to the District Court for ruling.

### CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1. Defendant's Motion for Bill of Particulars (Doc. 295) is DENIED.
2. Defendant's Motion for Disclosure of Impeaching Information (Doc. 347) is GRANTED IN PART AND DENIED IN PART.
3. Defendant's Motion for Disclosure of Witness Inducements (Doc. 349) is GRANTED IN PART AND DENIED IN PART.
4. Defendant's Motion for Disclosure of Other Bad Acts Evidence (Doc. 350) is GRANTED IN PART AND DENIED IN PART.
5. Defendant's Motion for Extra Peremptory Challenges (Doc. 351), Defendant's Motion for Participation by Counsel in Voir Dire (Doc. 352), and Defendant's Motion for Discovery of Jury Research Conducted by the Government (Doc. 348) are DEFERRED to the District Court.

6.     The motions hearing as regards Defendant Joel Taylor previously set for Thursday, March 6, 2008, at 9:00 a.m. is cancelled.

Dated this ____ day of February, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By_____, Deputy

(SEAL)

-6-